**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| OSCAR ROBINSON, | : | |
| Plaintiff, | : | |
| | : | **Civil Action** |
| v. | : | **2:22-cv-01439** |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| Defendants. | : | |
| | : | |
| | : | |
| | : | |

**ORDER**

AND NOW, this _____ day of _____, 2023, upon consideration of Defendant Officers Clark and Martin's Motion for Partial Summary Judgment, Memorandum of Law in Support thereof, the accompanying Concise Statement of Stipulated Material Facts and Concise Statement of Additional Material Facts, and any response(s) thereto, it is hereby **ORDERED** that the Motion is **GRANTED**.

It is further **ORDERED** that judgment is entered in favor of Defendant Officers Clark and Martin as follows:

- Count II: Defendant Officers Clark and Martin are not liable for any violation of substantive due process.

- Count IX: Defendant Officers Clark and Martin are not liable for intentional infliction of emotional distress

**BY THE COURT:**

_____
The Honorable John R. Padova
United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| OSCAR ROBINSON, | : |
| Plaintiff, | : |
| | : |
| | : |
| v. | : **Civil Action** |
| | : **2:22-cv-01439** |
| CITY OF PHILADELPHIA, et al., | : |
| Defendants. | : |
| | : |
| | : |
| | : |

**DEFENDANT OFFICERS CLARK AND MARTIN'S**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant Officers Eric Clark and Pedro Martin ("Moving Defendants") hereby move

pursuant to Federal Rule of Civil Procedure 56 for partial summary judgment in their favor and

against Plaintiff Oscar Robinson as set forth below:

- Count II: Defendant Officers Clark and Martin are not liable for violation of substantive due process.

- Count IX: Defendant Officers Clark and Martin are not liable for intentional infliction of emotional distress

In support of their motion, Moving Defendants submit the attached Memorandum of

Law, Concise Statement of Stipulated Material Facts, Concise Statement of Additional Material

Facts, exhibits, and proposed form of Order.

Respectfully submitted,

*/s/ Derek Kane*
Derek Kane, Esquire
Deputy City Solicitor
Pa. Attorney ID No. 316941

1

City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5374

*Attorney for Defendant Officers Clark and Martin*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| OSCAR ROBINSON, | : |
| Plaintiff, | : |
|  | : |
|  | : |
| v. | : **Civil Action** |
|  | : **2:22-cv-01439** |
| CITY OF PHILADELPHIA, et al., | : |
| Defendants. | : |
|  | : |
|  | : |
|  | : |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT OFFICERS**
**REDMOND AND MCGRODY'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant Officers Eric Clark and Pedro Martin ("Moving Defendants") submit this Memorandum of Law in Support of their Motion for Partial Summary Judgment.

**I.     INTRODUCTION**

Plaintiff filed this lawsuit on April 12, 2022, alleging various Section 1983 and state law tort claims against Philadelphia Police Officers Eric Clark, Pedro Martin, Ryan Redmond, and Robert McGrody. Plaintiff alleges the officers violated his civil rights and committed intentional torts on two separate instances: May 21, 2020 (the "May Incident"), and July 28, 2020 (the "July Incident"). For several reasons, Plaintiff's claims fail as a matter of law and Defendant Officers Clark and Martin are entitled to judgment on the claims detailed below.

First, plaintiff cannot rely on the substantive due process clause of the Fourteenth Amendment because an explicit source of constitutional protection is available to him under the Fourth Amendment.

Second, Plaintiff cannot factually support his claim of intentional infliction of emotional distress. Plaintiff has not satisfied the elements of his claim with respect to the May Incident or the July Incident. By Plaintiff's own admission, he does not have any mental health issues stemming from the May Incident.  While Plaintiff did not make this admission regarding the July Incident, his claim fails in any event as he has failed to set forth any medical evidence showing that he has suffered emotional distress in connection with the July Incident.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

This case concerns incidents on two different dates: May 21, 2020 (the "May Incident"), and July 28, 2020 (the "July Incident").[1]   Plaintiff testified at his deposition that he was not physically injured from this May Incident aside from "a couple of bruises and scrapes on [his] wrists from the handcuffs."[2] Plaintiff further testified that he did not have any subsequent mental health issues related to the May Incident.[3]

### Procedural Background

Plaintiff filed a complaint in this action on April 12, 2022, against the City of Philadelphia, Police Officer Eric Clark, Officer Ryan Redmond, Lieutenant Trevor Peszko, John Doe Police Officers, and John Doe Police Chief. (ECF No. 1). On June 3, 2022, the City of Philadelphia and Lieutenant Peszko moved to dismiss the Complaint. (ECF No. 9). On June 20, 2022, Plaintiff filed his Amended Complaint adding Commissioner Danielle Outlaw as a defendant and attempting to correct certain deficiencies in the original complaint as to his claims against the City and Lieutenant Peszko. (ECF No. 10). On July 11, 2022, the City, Lieutenant Peszko, and Commissioner Outlaw moved to dismiss the Amended Complaint. (ECF No. 16).

---

[1] *See* CSSF ¶¶ 1, 18.
[2] *See* CSAF ¶ 1 (citing Pl.'s Dep. Tr. p. 47).
[3] *See* CSAF ¶ 2 (citing Pl.'s Dep. Tr. p. 49).

On August 8, 2022, the Court granted the Motion to Dismiss and ordered that Plaintiff's Count VI against Commissioner Outlaw in her official capacity dismissed with prejudice. (ECF No. 23). The Court also dismissed the following claims: (1) the ADA/RA claim in Count V; (2) the municipal liability claim against the City in Count VI; and (3) the supervisory liability against Lieutenant Peszko in Count VII. (*Id.*). On August 26, 2022, Plaintiff filed a nine-count Second Amended Complaint adding two additional Philadelphia Police Officers and attempting to correct the prior deficiencies in the first two complaints. (ECF No. 24).

On September 15, 2022, the City of Philadelphia, Lieutenant Peszko, and Commissioner Outlaw moved to dismiss all claims against them: Count V: an Americans with Disabilities and Rehabilitation Act claim against the City; Count VI: a municipal liability claim against the City, Commissioner Outlaw, and Lieutenant Peszko, and Count VII: a supervisory liability claim against Lieutenant Peszko. (ECF No. 31). On November 14, 2022, the Court granted the motion to dismiss and dismissed Counts V, VI, and VII. (ECF No. 39).

Accordingly, the remaining counts in Plaintiff's Second Amended Complaint are as follows:

- Count I: excessive use of force against Officers Redmond, Clark, Martin, and McGrody ("Defendant Officers");

- Count II: a Fourth Amendment violation in the manner of an unlawful seizure/substantive due process against Defendant Officers;

- Count III: a First Amendment retaliation claim against Defendant Officers;

- Count IV: a Fourth and Fourteenth Amendment violation by way of false imprisonment/arrest against Defendant Officers;

- Count VIII: state law claims of assault and battery against Defendant Officers; and

- Count IX: a state law claim of intentional infliction of emotional distress against Defendant Officers.

*See generally*, Second Am. Cmplt.

Defendant Officers Clark and Martin now move for partial summary judgment as set forth below.

## III.   SUMMARY JUDGMENT STANDARD

Summary judgment should be granted "if the pleadings, discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). While all evidence must be viewed in the light most favorable to the non-moving party, summary judgment is appropriate whenever the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The non-moving party "may not rest upon mere allegation or denials of [his] pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The mere existence of a 'scintilla' of evidence in support of a plaintiff's position will be insufficient"; instead, the non-moving party must introduce some "significant probative evidence tending to support the complaint." *Id.* at 252, 256. "[M]ere inferences, conjecture, speculation or suspicion are insufficient to establish a material fact upon which to base a denial of summary judgment." *Huggins v. Teamsters Local 312*, 585 F. Supp. 148, 150-51 (E.D. Pa. 1984) (citing *Robin Construction Co. v. United States*, 345 F.2d 610 (3d Cir. 1965)); *see Morris v. Orman*, 1989 U.S. Dist. LEXIS 1876, at *34 (E.D. Pa. Mar. 1, 1989) (noting that, where the plaintiff has "been given more than a fair chance to dig up some concrete specifics" to support his case, "Plaintiff's bald allegations, assertions and denials, unsupported by specific facts of record, are simply not enough"). In other words,

"Plaintiff's…own conclusory allegations…[are] insufficient to establish a genuine issue of material fact." *James v. Allentown Business Sch.*, 2003 U.S. Dist. LEXIS 12046, at *23-24 (E.D. Pa. June 2, 2003).

## IV.    LEGAL ARGUMENT

### A. PLAINTIFF'S CLAIM FOR RELIEF UNDER SUBSTANTIVE DUE PROCESS FAILS AS A MATTER OF LAW (Count II)

Plaintiff's claim under the Fourteenth Amendment fails because the Fourth Amendment is the source of the constitutional violations he alleges. In Count II, Plaintiff brings a claim for unlawful seizure, specifically that "Defendant Officers effectuated Plaintiff's arrest without warrant or probable cause."[4] Plaintiff bring this same claim in Count IV, which is pleading his Fourth Amendment rights were violated when he was "arrested without probable cause."[5]. Plaintiff pleads no other facts in Count II to substantiate a claim under substantive due process.

Where a particular Amendment "provides an explicit textual source of constitutional protection against a particular source of government behavior, that Amendment, not the more generalized notion of 'substantive due process' must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). In *Albright*, the Court rejected petitioner's claim that his right to be free from prosecution without probable cause was violated on the basis that the petitioner filed these claims under the substantive due process clause of the Fourteenth Amendment, rather than the Fourth Amendment. In reaching this decision, the Court also noted that the petitioner's surrender to the State's authority, which resulted in his arrest, constituted a seizure for the purposes of the Fourth

---

[4] ECF No. 24, ¶118.
[5] *Id*. at 130.

Amendment and accordingly, plaintiff should have based his claim on the Fourth Amendment. *Albright*, supra, 510 U.S. at 273.

In the instant matter, plaintiff cannot rely on the substantive due process clause of the Fourteenth Amendment because an explicit source of constitutional protection is available to him under the Fourth Amendment.

### B.  PLAINTIFF CANNOT FACTUALLY SUPPORT HIS CLAIM OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (COUNT IX)

Plaintiff has not satisfied the elements of his claim with respect to the May Incident or the July Incident. Under Pennsylvania law, "[t]o state a claim for intentional infliction of emotional distress, a plaintiff must plead that the defendant's conduct: (1) was intentional or reckless; (2) was extreme and outrageous; (3) actually caused the distress; and (4) caused distress that was severe." *Regan v. Twp. of Lower Merion*, 36 F. Supp. 2d 245, 251 (E.D. Pa. 1999). A plaintiff must demonstrate physical injury or harm to sustain a cause of action for intentional infliction of emotional distress. *Lawson v. Pennsylvania SPCA*, 124 F. Supp. 3d 394, 409 (E.D. Pa. 2015). In order to sustain a claim for intentional infliction of emotional distress, a plaintiff must provide "competent medical evidence" showing that the plaintiff suffered emotional distress. *Kazatsky v. King David Mem'l Park, Inc*., 527 A.2d 988, 995 (Pa.1987) ("Pennsylvania requires that competent medical evidence support a claim of alleged intentional infliction of emotional distress.").

Plaintiff admitted he does not have any mental health issues stemming from the May Incident.[6] Plaintiff testified clearly on this matter:

---

[6] *See* CSAF ¶ 2 (citing Pl.'s Dep. Tr. p. 49).

```
19   Q.        Okay.  And I don't want you to tell us
20   any conversations with your lawyer.  That's
21   privileged between you and them.  But just to
22   confirm, after that May of 2020 incident you
23   don't believe you had any physical or mental
24   health issues related to that incident?
25   A.        No.
```

*Id*. While Plaintiff did not make this admission regarding the July Incident, his claim fails in any event as he has failed to set forth any medical evidence showing that he has suffered emotional distress in connection with the July Incident. In fact, the only mental health record produced during discovery—a report by Kenneth J. Weiss, M.D.—details only "symptoms of anxiety, avoidance, and psychological disturbances directly relating" to the May Incident.[7] There is no medical evidence demonstrating any such emotional or mental harm related to the July Incident. Accordingly, Defendants are entitled to judgment as a matter of law. *See Kazatsky*, 527 A.2d at 995; *see Cortese v. Sabatino*, 2020 U.S. LEXIS 206679, at *7 (E.D. Pa. Nov. 5, 2020) (an "unsupported allegation of emotional injury, without competent medical evidence, is insufficient to survive a motion for summary judgment").

## V.    CONCLUSION

For the above reasons, Defendant Officers Clark and Martin respectfully request that this Court grant summary judgment in their favor and against Plaintiff as set forth in the proposed form of order.

---

[7] *See* CSSMF ¶ 14 (citing Aug. 10, 2020 Report of Kenneth J. Weiss, M.D. (P0011-0016)).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| OSCAR ROBINSON, | : |
| Plaintiff, | : |
| | : |
| v. | : **Civil Action** |
| | : **2:22-cv-01439** |
| CITY OF PHILADELPHIA, et al., | : |
| Defendants. | : |
| | : |
| | : |
| | : |

## CERTIFICATE OF SERVICE

I hereby certify that, on this date, a true and correct copy of Defendant Officers Clark and Redmond's Motion for Partial Summary Judgment, with accompanying exhibits, was filed via CM/ECF and is available for viewing and downloading.

Date: August 10, 2023

/s/ Derek Kane
Derek Kane, Esquire
Deputy City Solicitor
Pa. Attorney ID No. 316941
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5374

*Attorney for Defendant Officers Clark and Martin*