IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OSCAR ROBINSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, ET AL. | : | NO. 22-1439 |

## ORDER

**AND NOW**, this 15th day of September, 2023, upon consideration of Defendant Officers Ryan Redmond and Robert McGrody's Motion for Partial Summary Judgment (Docket No. 49), and Plaintiff's response thereto, **IT IS HEREBY ORDERED** as follows:

1. Defendants' Motion is **GRANTED** as unopposed insofar as it seeks dismissal of the claims against Redmond and McGrody in Count II – Unlawful Seizure, Count III – Retaliation, and Count IV – False Arrest/False Imprisonment, and those Counts are **DISMISSED** with respect to Redmond and McGrody.

2. The Motion is also **GRANTED** as unopposed insofar as it seeks dismissal of the claims against Redmond and McGrody in Count I – Excessive Use of Force and Count VIII – Assault and Battery arising from Plaintiff's May 2020 encounter with police, and those portions of Counts I and VIII are **DISMISSED**. The claims in Counts I and VIII against Redmond and McGrody will proceed insofar as they pertain to Plaintiff's July 2020 encounter with police.

3. The Motion is further **GRANTED** as unopposed insofar as it seeks dismissal of Count IX – Intentional Infliction of Emotional Distress as to Defendant McGrody only, and that portion of Count IX is **DISMISSED**.

  4.  The Motion is **DENIED** insofar as it seeks dismissal of the intentional infliction of emotional distress claim against Defendant Redmond in Count IX.[1]

---

[1] In Count IX, Plaintiff asserts a claim for intentional infliction of emotional distress ("IIED") arising from Plaintiff's encounters with police in May 2020 and/or July 2020. "To survive summary judgment [on a claim for IIED under Pennsylvania law], a plaintiff must demonstrate that: (1) the defendant's conduct was 'extreme and outrageous;' (2) the defendant acted intentionally or recklessly; and (3) the act caused severe emotional distress." Arnold v. City of Philadelphia, 151 F. Supp. 3d 568, 579 (E.D. Pa. 2015) (quoting Williams v. Guzzardi, 875 F.2d 46, 52 (3d Cir. 1989)). "[A] plaintiff must also support [his] claim with competent medical evidence that the plaintiff actually suffered the claimed distress." Id. (citing Kazatsky v. King David Mem'l Park, Inc., 527 A.2d 988 (Pa. 1987)).

  Defendant Redmond argues that summary judgment should be entered in his favor on the IIED claim because (1) Plaintiff testified at his deposition that he did not believe that he suffered any mental health issues related to the May 2020 incident (see Pl.'s Dep. Tr., Ex. D to Stmt. of Stipulated Material Facts ("Stip. Facts"), at 49); and (2) Plaintiff has failed to submit any medical evidence showing that he suffered emotional distress in connection with the July 2020 incident. Plaintiff responds that we should deny Defendants' Motion as to this claim against Redmond because he has submitted (1) an expert report from a psychiatrist, who opines that Plaintiff developed posttraumatic stress disorder as well as "new symptoms of anxiety, avoidance, and physiological disturbances directly relating to the [May 2020] incident" (Stip. Facts Ex. G at P0016), and (2) deposition testimony of Rose Vargas, the mother of Plaintiff's three-year-old son, that since the May 2020 incident, Plaintiff has been "really angry," "more aggressive," and "always defensive" (Vargas Dep. Tr., Ex. C to Pl.'s Resp. in Opp. to Defs.' Stmt. of Add'l Facts, at 29).

  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quotation omitted). Where the nonmoving party bears the burden of proof on a particular issue, the movant's initial burden can be met simply by "pointing out to the district court" that "there is an absence of evidence to support the nonmoving party's case." Id. at 325. After the moving party has met its initial burden, the adverse party's response "must support the assertion [that a fact is genuinely disputed] by: (A) citing to particular parts of materials in the record . . .; or (B) showing that the materials [that the moving party has] cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1).

  Here, we cannot discount the opinion of Plaintiff's expert that Plaintiff suffered emotional distress following the May 2020 incident. Indeed, although Plaintiff testified that he does not "believe" that he suffered mental health issues following that incident, a jury could reasonably rely on the expert report, buttressed by Ms. Vargas's testimony, to find that Plaintiff's belief was mistaken and that he did, in fact, suffer severe emotional distress as a result of the incident. We therefore conclude that there is a genuine dispute of material fact as to whether Plaintiff has established the requisite emotional injury from at least one of his encounters with Redmond to

BY THE COURT:

/s/ John R. Padova, J.

_____

John R. Padova, J.

---

support his IIED claim.  We thus deny Defendants' Motion insofar as they seek summary judgment in Redmond's favor on that claim.