## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Oscar Robinson** | : | CIVIL ACTION - LAW |
| *Plaintiff,* | : | |
| v. | : | |
| | : | No. 2:22-cv-01439 |
| **Officer Eric Clark; Officer Ryan** | : | |
| **Redmond, Officer Pedro Martin; and** | : | JURY TRIAL DEMANDED |
| **Officer Robert McGrody** | : | |
| *Defendants.* | : | (Honorable John R. Padova) |

### PLAINTIFF, OSCAR ROBINSON'S PRETRIAL MEMORANDUM

Plaintiff, Oscar Robinson (hereinafter "Plaintiff" or "Oscar") by and through his undersigned counsel, Falkenbach Law, LLC, hereby submits the following Pretrial Memorandum in accordance with Local Rule of Civil Procedure 16.1 and the Scheduling Order of this Honorable Court of July 13, 2023:

**I.     FACTUAL SUMMARY OF CASE**

This matter stems from two (2) instances of police misconduct against Plaintiff, Oscar Robinson: May 21, 2020 (the "May Incident") and July 28, 2020 (the "July Incident"). During the May Incident, Oscar was attending a candlelight street vigil for his deceased friend. At this street vigil, people were playing music from their cars and wearing specially made shirts dedicated in honor of their deceased friend.

When the police arrived on the scene during the May Incident, Oscar proceeded to bend down into a car to turn down music that was playing. At this time, Defendant Clark ran up to him and placed a gun into his back without any verbal command or requests. Defendant Clark proceeded to keep the gun on Oscar and escort him to the police vehicle. Oscar had no prior criminal record, there was no evidence of any criminal activity by Oscar, and he was unarmed. Despite never locating anything on Oscar's person or the vehicle Oscar was found, Defendants

1

Clark, Martin, and Redmond continued to retain Oscar in the back of a police vehicle, handcuffed, without any cause. Despite the police holding a gun to the back of Oscar and forcing him at gunpoint to move to a police car, no use of force reports were made regarding the May Incident, only a vehicle/pedestrian investigation report.

Plaintiff posted a video of the May Incident on his Instagram, which the Philadelphia Police Department received notice of. On June 6, 2020, an officer arrived at Plaintiff's house, swearing at him, and left a pink slip to call Lieutenant Peszko regarding the May Incident. An internal affairs interview was held on June 30, 2020 with the Philadelphia Police Department whereas Oscar made complaints about the misconduct of Defendants Clark and Martin associated with the May Incident.

On July 10, 2020, prior to the July Incident, Oscar was seen by psychologist Kenneth J. Weiss, M.D. Oscar was diagnosed with PTSD associated with the May Incident, as well as new symptoms of anxiety, avoidance, and physiological disturbances.

Despite knowing of the mental trauma associated with a gun being drawn on someone, on July 28, 2020, Defendants Clark and Martin saw an arrest warrant against Oscar. Both officers recognized him from the May Incident. They proceeded to tell other officers within their district that Oscar had an arrest warrant, and they were going to drive to his last known address – which is outside their division and district.

Several officers have testified that it is atypical to go out of your division for an arrest. However, Defendants Clark and Martin decided to arrest Oscar outside of their division despite no exigent circumstances justifying them to do so.

When Defendants Clark and Martin pulled in front of Oscar's house, Defendant Martin asked if anyone called the cops. Oscar stated that no one had called the cops. Defendants Martin

and Clark then proceeded up the stairs and indicated then they had a warrant for his arrest, creating confusion about the purpose of their presence.

Oscar immediately recognized Defendants Clark and Martin from the May Incident and stated as such to them. He requested a copy of the warrant prior to leaving with them based upon the conflicting statements about why they were present and his knowledge and fear that these were the same officers he just complained about. Oscar specifically indicated that he would go with the officers if they showed him the arrest warrant. Defendant Martin testified that he had a phone that allowed him to share arrest warrants he could have used to show Oscar the arrest warrant, but instead he called for back up.

Defendants Redmond and McGrody, as well as several other officers arrived on the scene in response to the request for backup. Defendant Redmond ran up the steps onto Plaintiff's porch without assessment of the situation and forcefully pulled Oscar out of his seat, placing him into a chokehold. Defendant McGrody increased the risk of injury to Oscar's neck by engaging in unnecessary improper hand combat of choking while Oscar was already in a chokehold by Defendant Redmond. Defendant McGrody proceeded to apply pressure to Oscar's neck while he is being forcefully held against a railing by Defendants Clark, Martin, and Redmond.

Oscar then is escorted down the concrete steps of his house while handcuffed – with four (4) officers holding him. Defendant McGrody is seen holding on and pulling on the belt loop of Oscar at the front, causing him to fall down the concrete steps. Defendant McGrody continues holding onto the belt loop of Oscar and proceeds to drag him down the remainder of the concrete steps by the belt loop.

Oscar immediately began experiencing pain after the July Incident and was escorted to the Episcopal Emergency Room by Defendants Clark and Martin. Oscar was diagnosed with

neck pain, low back pain, left ankle pain, and left knee pain with abrasions identified to his back and knees.

Despite continued pain, Oscar was not able to immediately obtain treatment for his injuries. Oscar eventually obtained treatment for pain management with Dr. John J. Maher in April 2021 for continued intermittent pain in the neck, upper back, and lower lumber regions. Oscar was diagnosed with cervical radiculopathy, strain of muscle fascia and tendon at neck level, strain of muscle and tendon of back wall of thorax, and strain of muscle, fascia and tendon of low back.

Oscar obtained physical therapy and chiropractic services from April 8, 2021 until May 20, 2021. Medical records from the May 20, 2021 visit identify that Oscar was still experiencing moderate pain in the cervical, thoracic, and lumbar regions with restricted movement. Evaluations of the rhomboid muscle area revealed a trigger point with radiating pain into the mid back region. Oscar also underwent a cervical MRI at this time and was unremarkable.

During his deposition, Plaintiff identified that he still gets sharp pain down his neck to his shoulder, as well as lower back pain.

## II.     PLAINTIFF'S CLAIMS

Plaintiff has the following claims against Defendants Eric Clark and Pedro Martin: (1) Excessive Use of Force; (2) Unlawful Retaliation; (3) False Imprisonment/Arrest; (4) State Law Claims of Assault and Battery; and (5) State Law Claim of Intentional Infliction of Emotional Distress.

Plaintiff has the following claims against Defendant Redmond: (1) Excessive Use of Force as to the July 2020 Incident; (2) State Law Claims of Assault and Battery as to the July 2020 Incident; and (3) State Law Claim of Intentional Infliction of Emotional Distress.

Plaintiff has the following claims against Defendant McGrody: (1) Excessive Use of Force as to the July 2020 Incident; and (2) State Law Claims of Assault and Batter as to the July 2020 Incident.

### III. RELIEF SOUGHT

Compensatory damages, nominal damages, punitive damages, costs, and attorney's fees.

### IV. LIST OF POTENTIAL WITNESSES

#### a. POTENTIAL FACT WITNESSES

   i. Plaintiff, Oscar Robinson – to testify regarding fact and damages.
   ii. Rose Vargas – to testify regarding the July 2020 Incident and damages of Plaintiff
   iii. Jose Figura – to testify regarding the May 2020 Incident
   iv. Tyrone Fisher – to testify regarding the July 2020 Incident
   v. Tenille Williams – to testify regarding the July 2020 Incident
   vi. Anthony Juan Orona – to testify regarding the July 2020 Incident
   vii. Officer Tyler Smith – to testify regarding both incidents and general police practices
   viii. Defendant Pedro Martin - to testify regarding both incidents and general police practices
   ix. Defendant Eric Clark - to testify regarding both incidents and general police practices
   x. Defendant Ryan Redmond - to testify regarding both incidents and general police practices
   xi. Defendant Robert McGrody – to testify regarding July 2020 Incident and

general police practices

xii. Robert Wimsey, Jr. – to testify regarding arrest warrant and general police practices

xiii. Officer Thomas Morgan - to testify regarding arrest warrant and general police practices

xiv. Officer Anthony Agudo - to testify regarding both incidents and general police practices

xv. Officer Dylan Marnoch – to testify regarding July 2020 Incident and general police practices

xvi. Officer Mark Wildsmith - to testify regarding July 2020 Incident and general police practices

xvii. Officer James Dorsey – to testify regarding May 2020 Incident and general police practices

xviii. Officer Brian Waters - to testify regarding May 2020 Incident and general police practices

xix. Custodian of records for Temple Hospital and/or Episcopal Hospital – to authenticate medical records

xx. Custodian of records for Greater Philadelphia Pain Management and/or Tri County Pain Management Center – to authenticate medical records

xxi. Custodian of records for Greater Philadelphia Chiropractic Center and/or Tri County Chiropractic Center – to authenticate medical records

xxii. Custodian of records for Open MRI – to authenticate medical records

Plaintiff further incorporates by reference the witnesses identified in the Pretrial

Memorandum of the Defendants as though set forth at length herein. Plaintiff reserves the right to call as a trial witness any and all witnesses identified by any party in its Pretrial Memorandum, and supplement the attached witness list, if necessary and permissible by this Honorable Court.

    **b. EXPERT WITNESS**

Plaintiff has retained Kenneth J. Weiss, M.D., a psychiatrist, to opine on mental health issues suffered by Plaintiff. A copy of the CV of Dr. Weiss is attached hereto consistent with this Honorable Court's Scheduling Order. Plaintiff will be calling Dr. Kenneth J. Weiss at the time of trial.

**V.   LIST OF POTENTIAL EXHIBITS**

    a. P-1: Video Entitled "2900 N PHILLIP ST - WEAP OFF INVESTIGATION"

    b. P-2: Video Entitled "2900_N_PHILLIP_ST_-_WEAP_OFF_INVESTIGATION-2"

    c. P-3: Video Entitled "2900_N_PHILLIP_ST_-_WEAP_OFF_INVESTIGATION-3"

    d. P-4: Video Entitled "2900_N_PHILLIP_ST_-_WEAP_OFF_INVESTIGATION-4"

    e. P-5: Video Entitled "2900_N_PHILLIP_ST_-_WEAP_OFF_INVESTIGATION-5"

    f. P-6: Video Entitled "2900_N_PHILLIP_ST_-_WEAP_OFF_INVESTIGATION-6"

    g. P-7: Video Entitled "2900_N_PHILLIP_ST_-_WEAP_OFF_INVESTIGATION-7"

    h. P-8: Video Entitled "Video of Incident 05.22.20"

   i.  P-9: Video Entitled "Police at Door 06.09.20"

   j.  P-10: Video Entitled "Video 1 of Incident 07.28.20"

   k.  P-11: Video Entitled "Video 2 of Incident 07.28.20"

   l.  P-12: Video Entitled "Video 3 of Incident 07.28.20"

   m.  P-13: Video Entitled "(Clip_1.1)_ 2131 SIMON (1322 E AIRDRIE) - ROBBERY WARR"

   n.  P-14: Video Entitled "(Clip_1.1)_ 2131 SIMON (1322 E AIRDRIE) - ROBBERY WARR-2"

   o.  P-15: Video Entitled "(Clip_2.1)_ 2131 SIMON (1322 E AIRDRIE) - ROBBERY WARR"

   p.  P-16: Video Entitled "(Clip_2.1)_ 2131 SIMON (1322 E AIRDRIE) - ROBBERY WARR-2"

   q.  P-17: Video Entitled "2131 SIMON (1322 E AIRDRIE) - ROBBERY WARR"

   r.  P-18: Video Entitled "2131 SIMON (1322 E AIRDRIE) - ROBBERY WARR-2"

   s.  P-19: Video Entitled ""2131 SIMON (1322 E AIRDRIE) - ROBBERY WARR-3"

   t.  P-20: Video Entitled "2131 SIMON (1322 E AIRDRIE) - ROBBERY WARR-4"

   u.  P-21: Video Entitled "2131 SIMON (1322 E AIRDRIE) - ROBBERY WARR-5"

   v.  P-22: Video Entitled "2131 SIMON (1322 E AIRDRIE) - ROBBERY WARR-6"

   w.  P-23: Video Entitled "2131 SIMON (1322 E AIRDRIE) - ROBBERY WARR-6"

   x.  P-24: Medical and Billing Records from Temple Health and/or Episcopal Hospital

   y.  P-25: Medical and Billing Records from Greater Philadelphia Pain Management and/or Tri County Pain Management Center

z. P-26: Medical and Billing Records from Greater Philadelphia Pain Management and/or Tri County Pain Management Center

aa. P-27: Medical and Billing Records from Greater Philadelphia Chiropractic Center and/or Tri County Chiropractic Center

bb. P-28: Medical Records from Open MRI

cc. P-29: Expert Report of Kenneth J. Weiss, M.D.

dd. P-30: CV of Kenneth J. Weiss, M.D.

ee. P-31: Photograph of Pink Slip provided by Philadelphia Police Department on June 6, 2020

ff. P-32: Internal Investigation I.A.D. #20-1151 – D000218-D000305

gg. P-33: Memorandum to Police Commissioner re Internal Investigation IAD #20-1151 – D000085-D000099

hh. P-34: Complaint of Kia N. House, Esq. I.A.D. #20-0420 – D000100-D000217

ii. P-35: Statement of Jose Figura – P0174-P0177

jj. P-36: Statement of Tyrone Fisher – P0165-0167

kk. P-37: Statement of Tenille Williams – P0178-0170

ll. P-38: Statement of Anthony Juan Orona – P0171-0173

mm. P-39: Table of Contents

nn. P-40: Table of Contents 2

oo. P-41: Table of Contents 3

pp. P-42: Deposition Transcript of Pedro Martin

qq. P-43: Deposition Transcript of Eric Clark

rr. P-44: Deposition Transcript of Robert McGrody

  **ss.** P-45: Deposition Transcript of Ryan Redmond

  **tt.** P-46: Deposition Transcript of Robert Wimsey, Jr.

  **uu.** P-47: Deposition Transcript of Rose Vargas

  **vv.** P-48: Use of Force Reports D000018-D000032

Plaintiff further incorporates by reference the exhibits identified in the Pretrial Memorandum of the Defendants as though set forth at length herein. Plaintiff reserves the right to utilize at trial any and all documents identified by any party in its Pretrial Memorandum, and supplement the attached exhibit list, if necessary and permissible by this Honorable Court.

**VI. STATEMENT OF ANTICIPATED LEGAL ISSUES**

At this time, Plaintiff anticipates filing motions in limine related to the following subject areas: (1) prior lawsuit(s) and/or claim(s), (2) prior unrelated injuries, and (3) a hearsay video interview, which is both prejudicial and not relevant. Besides the above motions in limine, which will be filed consistent with the Court's scheduling Order, Plaintiff does not anticipate any additional legal issues.

                 Respectfully Submitted,

                 **FALKENBACH LAW, LLC**

Date:  9/29/2023             /s/ *Danielle S. Burke*
                 Danielle S. Burke, Esq.
                 Attorney ID No. 316811
                 110 West Front Street
                 Media, PA 19063
                 T: (484) 442-8146
                 F: (484) 930-0148
                 danielle@falkenbachlaw.com
                 *Attorney for Plaintiff,*
                 *Oscar Robinson*

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on the 29th day of September, 2023, the foregoing *Plaintiff, Oscar Robinson's Pretrial Memorandum* was filed electronically with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record, which service satisfies the requirements of the Federal Rules of Civil Procedure:

<div align="center">

*Derek Kane, Esq.*
Deputy City Solicitor
Law Department, Civil Rights Unit
City of Philadelphia
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
Derek.Kane@phila.gov
*Attorney for Officer Eric Clark and Pedro Martin*

Aleena Sorathia, Esquire
Katelyn Mays, Esquire
Ahmad Zaffarese, LLC
One South Broad Street, Suite 1810
Philadelphia, PA 19107
asorathia@azlawllc.com
kmays@azlawllc.com
*Attorney for Officer Ryan Redmond and Officer McGrody*

</div>

**FALKENBACH LAW, LLC**

Date:  9/29/2023            /s/ Danielle S. Burke
                                                                            Amber L. Falkenbach, Esq.
                                                                            Attorney ID No. 306610
                                                                            Danielle S. Burke, Esq.
                                                                            Attorney ID No. 316811
                                                                            110 West Front Street
                                                                             Media, PA 19063
                                                                             T: (484) 442-8146
                                                                             F: (484) 930-0148
                                                                             amber@falkenbachlaw.com
                                                                             danielle@falkenbachlaw.com
                                                                             *Attorney for Plaintiff,*
                                                                             *Oscar Robinson*