IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OSCAR ROBINSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| POLICE OFFICER ERIC CLARK, ET AL. | : | NO. 22-1439 |

## ORDER

**AND NOW**, this 29th day of October, 2023, upon consideration of Defendants Eric Clark's and Pedro Martin's Motion for Judgment as a Matter of Law pursuant to Federal Rule of Civil Procedure 50(a) with respect to Plaintiff's claims against them for First Amendment retaliation pursuant to 42 U.S.C. § 1983 (Count 3), the brief they submitted in support thereof, Plaintiff's response thereto, and the argument held on the record on October 27, 2023, **IT IS HEREBY ORDERED** that the Motion is **DENIED**.[1]

---

[1] After all parties rested on October 27, 2023, Defendants Eric Clark and Pedro Martin moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a) with respect to Plaintiff's claims against them for First Amendment retaliation pursuant to 42 U.S.C. § 1983 (Count 3). Rule 50 states:

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may: (A) resolve the issue against the party; and (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

Fed. R. Civ. P. 50(a)(1).

"In order to establish a First Amendment retaliation claim, a plaintiff must prove (1) that he engaged in constitutionally-protected activity; (2) that the government responded with retaliation; and (3) that the protected activity caused the retaliation." George v. Rehiel, 738 F.3d 562, 585 (3d Cir. 2013) (quotation omitted). Defendants Clark and Martin argue that their arrest of Plaintiff on July 28, 2020 cannot be retaliatory conduct because it was pursuant to a valid warrant supported by probable cause. See Nieves v. Bartlett, 139 S. Ct. 1715, 1724 (2019) ("The plaintiff pressing a retaliatory arrest claim must plead and prove the absence of probable cause for the arrest."). We agree that on the basis of Nieves, Plaintiff cannot rely on the mere fact of the arrest to prove retaliatory conduct. However, Plaintiff introduced other evidence at trial from which a reasonable jury could find retaliatory conduct, including that Defendants Clark and Martin

BY THE COURT:

/s/ John R. Padova, J.

_____

John R. Padova, J.

---

utilized unreasonable force during the arrest or induced other Defendants to do so. See <u>Burbridge v. City of St. Louis, Missouri</u>, 2 F.4th 774, 782 (8th Cir. 2021) ("[A] reasonable jury could conclude that [the defendant police officer's] use of excessive force was done in retaliation for [the plaintiff's] First Amendment activity."). Additionally, several witnesses testified at trial that it was atypical for officers to leave their assigned district to undertake an arrest, and a reasonable jury could therefore find that Defendants left their assigned district to arrest Plaintiff on this occasion in order to retaliate against Plaintiff for complaining about their conduct during the May Incident. <u>Cf.</u> <u>Nieves</u>, 139 S. Ct. at 1727 (concluding that the existence of probable cause would not invalidate a retaliation claim for an arrest when the plaintiff can show that "he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been." (citation omitted)). Based on the parties' arguments and the evidence presented, we cannot find that "a reasonable jury would not have a legally sufficient evidentiary basis" to find that Defendants Clark and Martin engaged in retaliatory conduct. Fed. R. Civ. P. 50(a)(1). Accordingly, the instant Motion is denied.